NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1482
_____

UNITED STATES OF AMERICA

v.

FRANCISCO VALLEJO,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cr-00105-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted under Third Circuit LAR 34.1(a)
May 28, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges.*

(Filed: June 5, 2020)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

A jury convicted Francisco Vallejo of violating 18 U.S.C. § 922(g)(1). He makes two arguments on appeal: (1) the evidence was insufficient to convict him; and (2) he was deprived of his Sixth Amendment right to confront witnesses against him. Neither argument is persuasive, so we will affirm.

I[1]

Vallejo claims the evidence was insufficient to establish the possession element of his firearms offense because no witness observed him actually possessing or firing the firearm. Vallejo is correct that the Government did not prove its case by direct evidence. But circumstantial evidence alone can suffice. *See, e.g.*, *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). And here there was a mountain of circumstantial evidence to support the verdict.

For example: (1) an eyewitness called 911 to report seeing a man wearing a blue shirt and a backpack firing a gun during a fight; (2) soon thereafter an officer saw Vallejo alone, wearing a blue shirt and a backpack and lowering his arm; (3) a second officer saw a bystander frantically point at Vallejo and then point to some garbage cans, where the officer found a loaded handgun; (4) a surveillance video showed Vallejo run to those

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

2

same garbage cans and hide the gun; and (5) a crime scene investigator swabbed Vallejo's hands and found gun powder particles consistent with his having recently fired a gun. If all that weren't enough, Vallejo admitted to: being the man in the blue shirt and backpack; possessing the firearm; and placing the gun in garbage can. We hold there was more than enough evidence to sustain his conviction.

II

Vallejo also contends the District Court violated his Sixth Amendment right to confront witnesses against him when it admitted into evidence two 911 recordings without the opportunity to cross-examine the declarant. These calls—which were contemporaneous descriptions of a fight that included gunshots—were not testimonial because they were made "to describe current circumstances requiring police assistance." *Davis v. Washington*, 547 U.S. 813, 827 (2006). Because the Confrontation Clause did not apply to the calls, the District Court did not err in admitting them. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).

*    *    *

For the reasons stated, we will affirm the District Court's judgment of conviction.